# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:09CR00011 |
| v. | **OPINION** |
| TAMMIE MARTIN DAVIE, | By: James P. Jones |
| Defendant. | United States District Judge |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Tammie Martin Davie, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). Upon review of the record, I find that the government's Motion to Dismiss must be granted.

I

A grand jury of this court returned an indictment on March 3, 2009, charging that Tammie Martin Davie ("Davie") and her co-defendant husband, Shaun Peter Davie, conspired to possess with intent to distribute 500 grams or more of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C.A. §§ 841(a)(1) and 846 (West 1999 & Supp. 2010).[1] On June 16, 2009, Davie pleaded guilty to the lesser included offense of conspiring to possess with intent to distribute

---

[1] The Indictment also contained a forfeiture notice and other criminal charges against Shaun Peter Davie.

50 grams or more of methamphetamine, which carried a mandatory minimum sentence of five years imprisonment.  In sections D(2) and (3) of her written Plea Agreement, Davie agreed to waive her right to appeal and her right to collaterally attack "any order issued in this matter," agreeing that she would "not file any document which seeks to disturb any such order."  In exchange, the government agreed not to object to the application of the so-called "safety valve" provision of United States Sentencing Manual ("USSG") § 5C1.2 and 18 U.S.C.A. § 3553 (West Supp. 2010), if she met the criteria for this reduction.

On September 28, 2009, Davie was sentenced to 36 months imprisonment, to be followed by three years of supervised release.  She did not appeal.

Davie thereafter filed this § 2255 motion collaterally attacking the judgment. The government has filed a Motion to Dismiss, arguing that all claims must be dismissed as waived pursuant to the Plea Agreement.  Davie has responded, making the matter ripe for disposition.

II

It is settled circuit law that a "criminal defendant may waive [her] right to attack [her] conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is intelligent and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)

(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). When a defendant alleges that ineffective assistance of counsel caused the guilty plea itself to be unknowing or involuntary, analysis of such claims must be part of the court's inquiry into the validity of the guilty plea and the plea agreement waiver of § 2255 rights. *See, e.g., Lemaster*, 403 F.3d at 221-22.

The court's waiver analysis must focus first on the defendant's statements during the plea hearing. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* If the court determines that the defendant's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Id.* at 220 (internal quotation marks and citations omitted).

III

A. DAVIE'S VALID GUILTY PLEA AND WAIVER.

Before accepting Davie's guilty plea on June 16, 2009, I questioned her thoroughly to ensure that her plea was knowing and voluntary. Davie indicated that she was 44 years old and had completed high school and three years of college. She stated that about three weeks before the guilty plea hearing, she had started receiving

medication and counseling relating to anxiety and depression. She denied that any of the medications affected her ability to understand the guilty plea proceedings. She stated that she had not taken any medication or drugs within the last 24 hours and that she was not under the influence of alcohol.

Davie affirmed that she had had adequate time to discuss her case and the Plea Agreement with her attorney and that she had read and understood the terms of the Plea Agreement. She affirmed that she was fully satisfied with counsel's representation. I specifically asked Davie if she understood the provisions waiving her right to bring a collateral attack:

> THE COURT: Do you also understand that under your plea agreement you waive or give up your right to collaterally attack your sentence, meaning that you could not at a later time file a motion or petition seeking to have your sentence or conviction set aside? Do you understand that?
>
> . . . .
>
> T. DAVIE: Yes, sir.

(Plea Tr. 13, June 16, 2009.) Davie denied that anyone had made any promise to her outside the Plea Agreement that caused her to want to plead guilty or that anyone had "attempted in any way to force [her] to plead guilty." (*Id.* 13-14.)

I reviewed the rights Davie was waiving by pleading guilty, explained in detail the elements of the charge that the government would have to prove if she went to trial, and heard a summary of the evidence in support of the plea. When asked if she was pleading guilty because she was, in fact, guilty, Davie affirmed that she was. I find now, as I did at the plea hearing, that Davie's guilty plea and the waivers of her

right to appeal and her right to bring this collateral attack under § 2255 were knowing and voluntary and therefore, valid.

## B. INEFFECTIVE ASSISTANCE CLAIMS.

Davie alleges that her attorney provided ineffective assistance in the following respects: (1) he failed to investigate prior mitigating factors before sentencing; (2) he "neglected factual predicated evidence"; (3) he failed to rebut remarks made by the prosecution at sentencing; and (4) he induced the defendant into signing the Plea Agreement. Davie asks the court to consider a reduction in her sentence, based on the difficulties her twin daughters have faced with both their parents in prison, and to reconsider application of the safety valve to reduce her sentence.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Second, to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. When the defendant alleges that counsel's error led her to enter an invalid guilty plea, she can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Davie makes a collection of conclusory assertions in support of her stated § 2255 claims as a group. She alleges that her attorney should have investigated potential witnesses, including her codefendant husband and other unnamed individuals, who could have testified that Davie was innocent of the drug conspiracy charge.[2] She asserts that counsel "induced" her to accept the Plea Agreement by being indifferent to her mental health issues, by telling her that the agreement would expire, and by advising her to accept the plea bargain without helping her weigh alternative options.[3] Davie complains that counsel allegedly advised her that testimony from her husband and others would not be helpful to the court's decision at sentencing.[4] Davie complains that counsel failed to object when the prosecutor argued against the safety valve provision by suggesting that the defendant was not being truthful and that she was an unfit mother.

Davie's claims alleging that counsel's ineffectiveness caused her to plead guilty are based on assertions which are directly contradicted by Davie's statements to the court. She stated at the guilty plea hearing that she was fully satisfied with

---

[2] Davie now states that although she talked to her husband on the telephone when he was in jail on state criminal charges, she only agreed to collect money for him without being aware of its purpose. She claims that she was "arbitrarily selected [for prosecution] because of her marital status."

[3] Davie attaches to her reply to the Motion to Dismiss a letter dated May 10, 2010, and signed by her codefendant husband, Shaun Davies, in which he states: "[T]he [L]ord knows you were never involved in any drug activit[ies]." (ECF No. 100, Ex. 1.) She does not, however, submit an affidavit from her husband, concerning how he would have testified about her participation or that he would have been willing to testify on her behalf at trial.

[4] Davie admits that some of the "informational witnesses" she wanted counsel to investigate were "already targeted by federal agents" in the criminal case.

counsel's representation and did not mention any defense or evidence that counsel had failed to investigate or any element of the case that counsel had not discussed with her before advising her to accept the plea agreement.[5] Davie expressly affirmed that no one had "forced" her to plead guilty or promised her anything outside the Plea Agreement that caused her to plead guilty.

Based on the foregoing, I find Davie's claims of ineffective assistance leading to her guilty plea to be palpably incredible so as to warrant summary dismissal. *Lemaster*, 403 F.3d at 220-22. Furthermore, her claims that counsel provided ineffective assistance at sentencing have no bearing on the validity of her guilty plea and her waiver of collateral attack rights. Because she fails to demonstrate any ground on which that waiver is invalid, she is bound by the waiver. I must, therefore, grant the government's Motion to Dismiss her § 2255 motion in its entirety as waived. *Id.* at 220.

In any event, Davie's claims of ineffective assistance also fail on the merits. She offers no evidence on which she could prove that counsel's representation before the guilty plea was either deficient or prejudicial. *Hill*, 474 U.S. at 58-59. She fails to present any specific mitigating evidence or witness testimony on which she could have prevailed at trial, had she rejected the Plea Agreement. Nor has she presented any evidence suggesting that counsel erred when he advised her that the plea offer could be withdrawn after a time and that it was in her best interest to accept it. The

---

[5] Davie asserts that counsel told her to "agree with everything he asked." During the plea hearing, however, when I advised Davie of the importance that she understand all questions fully and placed her under oath to tell the truth, she affirmed her understanding. (Plea Tr. 2, June 16, 2009.)

Plea Agreement reduced the severity of the charge against her and limited her sentence exposure.

Moreover, Davie fails to present a reasonable probability that any particular, different argument or evidence counsel could have presented at sentencing would have resulted in a lighter sentence than the one Davie received. *Strickland*, 466 U.S. at 687. The Presentence Investigation Report ("PSR") recommended that Davie receive a two-point reduction under § 5C1.2, the "safety valve," which allowed her to be sentenced below the statutory mandatory minimum of five years. Counsel filed objections to the PSR, arguing that Davie should receive a reduction in offense level, based on her minor role in the offense, and the probation officer made this change. Counsel also objected to the drug weight assigned to Davie in the PSR, and I sustained that objection. Counsel called an investigator to testify that Davie's only participation was to collect money from people who had purchased drugs from her husband. Several character witnesses testified on Davie's behalf: a pastor who had known Davie and her daughters for many years stated that her offense conduct was out of character for her; a mental health support worker testified about Davie's depression and post traumatic stress disorder and her faithfulness in keeping appointments for voluntary counseling, in following her medication schedule, and in holding a job; and one of Davie's twin daughters testified that Davie was a nurturing, loving mother and provider who did not have anything to do with her codefendant's drug dealing.

The government called Davie to the stand, and although she stated that she was accepting responsibility for the charge to which she had pleaded guilty, she initially denied that she or her daughters participated in a conspiracy to sell drugs with her husband. The government then played several taped telephone conversations between Davie and her incarcerated husband, or her husband and daughters, in which they discussed not only collecting money but also delivering "groceries" to people, a code for delivering methamphetamine. Based on Davie's denials of participation in the offense conduct, the government argued that she should not receive credit for acceptance of responsibility or the benefit of the safety valve. Defense counsel characterized Davie's testimony as "rationalizing" and argued that she had ultimately "conceded, perhaps reluctantly, that she was involved with her husband in drug trafficking" and so was entitled to reductions for acceptance of responsibility under the safety valve.

Finding defense counsel's arguments persuasive, I granted Davie a two-point reduction for acceptance of responsibility, granted her the benefit of the safety valve, placed her Adjusted Offense Level at 20 and her Criminal History Category at I, and calculated her sentencing range at 33-41 months. The government argued that Davie should receive a sentence at the high end of the range because she had allowed her daughters to become involved in drug trafficking. Davie's attorney argued, orally and in a detailed sentencing memorandum, that the many letters of support from friends portrayed her, overall, as a good parent to her daughters and a supportive daughter to her own ill mother, and asked the court to consider the family's situation in

imposing sentence. Taking all of these factors into account, I found, and still firmly feel, that 36 months imprisonment was the appropriate sentence for Davie's criminal conduct. I find no reasonable probability that additional arguments would have resulted in a different outcome. *Strickland*, 466 U.S. at 694-95.

IV

In conclusion, I am of the opinion that the Motion to Dismiss must be granted, and the defendant's 2255 motion dismissed. A separate Final Order will be entered herewith.

ENTER: October 28, 2010

/s/ JAMES P. JONES
United States District Judge